# Exhibit A

## Right to Sue

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Ms. Christina Strunk
806 Streamboat Station
Southampton, PA 18966

**Re:** Ms. Christina Strunk v. Ahold Delhaize d/b/a The Giant Company
EEOC Charge Number: 530-2022-06273

EEOC Representative and email:   State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  10/27/2023
Karen McDonough
Deputy District Director

cc:   For Respondent

Brian Hokamp
Counsel // Giant Food Stores, Inc.
1385 Hancock Street, 8th Floor
Quincy, MA 02169

For Charging Party

Paul Carrion, Esq.
Law Offices of Eric A. Shore
2 Penn Center
1500 JFK Boulevard, Suite 1240
Philadelphia, PA 19102

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) received the document. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.



**pennsylvania**
HUMAN RELATIONS COMMISSION

September 14, 2023

Christina Strunk  
806 Streamboat Station  
Southampton, PA 18966

Adam Long Esq.  
100 Pine Street  
PO Box 1166  
Harrisburg, PA 17108

RE: Christina Strunk vs. Ahold Delhaize d/b/a The Giant Company  
    PHRC Case No. 202200449  
    EEOC Case No. 530-2022-06273

Dear Parties:

The Pennsylvania Human Relations Commission reviewed the above-referenced Complaint and considers this case closed on the date of this letter because <u>there was insufficient evidence to establish discrimination and a copy of this finding is enclosed in service to Complainant pursuant to 43 P.S. §959(c)</u>.

The Pennsylvania Human Relations Act affords both the Complainant and the Respondent the opportunity to comment after the final disposition of the Complaint. Written comments may be submitted to the Director of Enforcement, 333 Market Street, 8th Floor, Harrisburg, PA 17101. In addition, enclosed is an important Notice of Complainant's Rights that explains the right to request a Preliminary Hearing if there is a disagreement with the Commission's decision pursuant to 16 Pa Code §42.62 and the right to file a complaint* in the Court of Common Pleas pursuant to 43 P.S. Section 962(c). *Please note that the complaint must be filed within two years of the date of closure.

Sincerely:

*Chad Dion Lassiter, MSW*

Chad Dion Lassiter, MSW  
Executive Director

cc: Paul Carrion ESQ  
    2 Penn Center, Suite 1240  
    1500 JFK Boulevard  
    Philadelphia, PA 19102

**PENNSYLVANIA HUMAN RELATIONS COMMISSION (PHRC)**
**NOTICE OF COMPLAINANT'S RIGHTS AFTER CLOSURE OF COMPLAINT**

All communication related to closed cases must be directed to the Enforcement Division, PHRC Central Office, 333 Market Street, 8th Floor, Harrisburg, PA 17101. Phone: 717-787-4410.

The complainant has the right to request a preliminary hearing in this matter, pursuant to the PHRC's Special Rules of Administrative Practice and Procedure, 16 Pa. Code § 42.62. Should the complainant desire to file such a request, it must be in writing, and it must state specifically the grounds upon which the complainant disputes the PHRC's closure. It may contain new evidence not previously considered. If the Request for a Preliminary Hearing is based upon new or previously unconsidered evidence, the nature, location, and form of the evidence in issue must be explicitly set forth in the request.

After careful review of the request, the PHRC will notify complainant as to whether a preliminary hearing has been granted. Should the PHRC grant a preliminary hearing, you will be provided with more information. Should PHRC accept the request, an attorney with the PHRC Office of Chief Counsel will conduct a thorough review of the investigative case file to determine whether the PHRC properly closed the complaint. The PHRC may also decide to reopen the complaint for further investigation instead of conducting a hearing. At any time, the complainant may decide to withdraw the request.

Should the complainant desire to file a Request for a Preliminary Hearing, it must be filed in accordance with PHRC's Special Rules of Administrative Practice and Procedure, 16 Pa. Code § 42.62, received by PHRC within ten (10) days of the receipt of this-notice to be entitled to these rights, identified as a "Request for Preliminary Hearing," and be addressed to Office of Appeals, 333 Market St., 8th Floor, Harrisburg, PA 17101. Email: oa-phrcofficeofappeals@pa.gov.

In addition, you are hereby notified, as required by Section 12(c) of the Pennsylvania Human Relations Act, 43 P.S. Section 962(c), that upon closure, the complainant has two years to file a complaint in the Court of Common Pleas of the county in which the alleged unlawful discriminatory practice took place. The complainant may retain a private attorney regarding this matter or about any other rights he/she may have in this matter. Complainant's who file a complaint in the Court of Common Pleas are required by Section 12(c)(2) of the Pennsylvania Human Relations Act to serve the PHRC with a copy of the Court complaint. This copy must be served on the PHRC at the same time the complainant files it in Court. The copy is to be sent to: Chief Counsel, 333 Market St., 8th Floor, Harrisburg, PA 17101.

**ADDITIONAL RIGHTS IN CASES FILED WITH THE**
**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Since your charge was filed under Title VII of the Civil Rights Act, Americans with Disabilities Act (ADA) or the Age Discrimination in Employment Act (ADEA), which is enforced by the US Equal Employment Opportunity Commission (EEOC), you also have the right to request the EEOC to review this action. To secure a review, you must request the review in writing within fifteen (15) days of your receipt of this letter. This request should be sent to EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, PHILADELPHIA DISTRICT OFFICE, SUITE 1000, 801 MARKET STREET, PHILADELPHIA, PA 19107. Email: phlstateandlocal@eeoc.gov. You can find more information about the U.S. Equal Employment Opportunity Commission at www.eeoc.gov.

**Do not request a substantial weight review if you have requested a preliminary hearing at PHRC.** If you requested a preliminary hearing, you may request a substantial weight review only after you receive a letter denying your request from PHRC.

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| Christina Strunk,<br>   Complainant<br><br>        vs.<br><br>Ahold Delhaize and The Giant Company,<br>   Respondent | :<br>:<br>:<br>:<br>: PHRC Case No. 202200449<br>: EEOC Case No. 530-2022-06273<br>: |

## FINDING OF NO PROBABLE CAUSE

On August 9, 2022, Christina Strunk (Complainant) filed a Complaint of discrimination against Ahold Delhaize and The Giant Company (Respondent). Complainant has met all jurisdictional requirements under the Pennsylvania Human Relations Act.

Complainant, an Asset Protection Clerk/Associate, alleges that Respondent discriminated against her because of sex and in retaliation in violation of 43 P.S. §955 when it:
   a. Respondent Assistant Manager Bill Hooper sexually harassed her;
   b. transferred her and harassed her in retaliation for reporting sexual harassment;
   c. Forced her to constructive discharge and tender her resignation.

To prevail in her sexual harassment claim, Complainant must show that she was subjected to unlawful, unwanted conduct based upon her sex, that harassment was severe and pervasive, and that Respondent failed to take prompt and appropriate action to correct the behavior. The evidence shows that Respondent hired Complainant on or about January 23, 2019 for a part-time Cashier position. The evidence shows that Respondent promoted Complainant to a full-time Asset Protection Clerk/Associate on March 8, 2020, and she was assigned to provide asset protection services at four to five stores within her region. Complainant reported that Assistant Manager Bill Hooper stood behind her bent over while she reached her arms into a shelf and when she removed her arms from the shelf and backed up, Hooper's face made forceful contact with her butt. Complainant reported that Hooper remarked, "That was nice. I haven't had an ass in my face in a while." Complainant stated that she reported the sexual harassment to Respondent's Human Resources. The evidence shows that Complainant reported Hooper's February 14, 2022 behavior in an unrelated meeting with her Manager and Human Relations Representative on March 22, 2022. The evidence shows that Respondent investigated

Complainant's allegations and could not corroborate her account. The evidence shows that on April 20, 2022, Respondent informed Complainant of the results of the investigation and took effective remedial measures to ensure no further contact between Complainant and Hooper. The evidence shows after Complainant sent an email on April 25, 2022, stating her dissatisfaction with the outcome of the investigation, senior Human Resources leadership conducted a new investigation of Complainant's allegations. Respondent's investigation again was unable to substantiate her allegations. Complainant did not report any further allegations after the alleged February 14, 2022 incident. The evidence shows that Complainant did not make further reports to Respondent regarding further behaviors of Hooper. Complainant failed to provide a rebuttal response. The evidence that shows that despite being able to confirm Complainant's statement, Respondent took action. As such, the harassment claim fails.

To prevail in the retaliatory harassment and forced transfer claims, Complainant must show a causal connection between the protected activity and the adverse action. As described above, Complainant reported to Respondent on March 22, 2022 concerning an incident that she alleged took place on February 14, 2022. Complainant reported that after she filed her complaint, she discovered a candy called "Kiss My Keto – Tropical Rings" (a candy product) on the desk of the Asset Protection office, and believed this to be innuendo and harassment based on her having filed a complaint. Complainant reported that on April 25, 2022, Asset Protections Manager Mark Gregor ordered her to transfer to store #6547 in Warrington, Pennsylvania. The evidence shows that Respondent investigated Complainant's complaint regarding the candy found in the office and found that another female co-worker had left the candy there. Respondent was unable to substantiate Complainant's claim that the candy been left there due to any protected activity or that the other female employee would have knowledge of this. The evidence shows that due to ongoing interpersonal conflicts between Complainant and store management at the Langhorne location that predated the February 14, 2022 alleged incident and predated Complainant's March 22, 2022 report to Respondent regarding the alleged incident, Respondent reassigned Complainant to only work three (3) of her stores. In an email from November 2020, an Asset Protected co-worker reported to Human Resources Business Partner that Complainant was negative, disrespectful, and made profane comments to him. The evidence shows screenshots provided by the co-worker confirming Complainant's comments. The evidence shows that Complainant was rated as "Partially Meets Performance Expectations" in her 2020 performance appraisal due to her issues with communication and cooperation. The evidence shows that in February 2021, Respondent received a formal complaint through its Ethics Point complaint line from employees at a store to which she was assigned alleging that Complainant was a bully, made comments such as, "I don't give a shit what you think, this is how it goes," made employees feel like they will lose their jobs if they do not do things her way, and created a hostile work environment for them. Complainant was unable to show that she was transferred due to filing a complaint of sexual harassment. The evidence shows that multiple store management officials at multiple stores asked Respondent to reassign Complainant from their stores and replace her because of her conduct and interactions with them. The evidence shows that rather than being transferred, Complainant was assigned to only three of her original four stores due to reports of her behavior prior to her sexual harassment complaint. Further, the reduction of stores was an effort to eliminate interactions between Complainant and the Assistant Manager that she alleged made a sex based comment to her. As such, Complainant failed to establish a valid claim of retaliation.

To prevail in the constructive discharge claim, Complainant must show that she was subjected to an unlawful discriminatory practice based upon her protected class. Complainant reported that she was forced to quit due to the reduction in stores and that she was not satisfied with the outcome of the investigation. As described above, the store limit was due to Complainant's complaint and complaints of other employees regarding her behavior. As such, Complainant did not establish a valid claim.

WHEREFORE, based on the evidence described above, the Pennsylvania Human Relations Commission concludes that there is insufficient evidence to support a finding of probable cause. Insufficient evidence exists to establish that the Ahold Delhaize d/b/a The Giant Company discriminated against Christina Strunk on the basis of sex and retaliation in violation of Section 5(a) (d) of the Pennsylvania Human Relations Act.

_Chad Dion Lassiter, MSW_
Chad Dion Lassiter, MSW
Executive Director